IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02593-WDM-MEH

PETER P. MAUCHLIN,

    Plaintiff,
v.

BIER, SIS Correctional Supervisor,
A. OSAGIE, Physician Assistant,
DALGLEISH, EMT,
BARRY, Correctional Supervisor,
HAM, Correctional Officer,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Medical Officer,

    Defendants.

## RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion for Summary Judgment Based on Exhaustion [filed July 7, 2008; docket #47]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for recommendation. The matter is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court recommends that Defendants' Motion for Summary Judgment be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);

**I.   Background**

Plaintiff filed a *Bivens*[2] action on December 13, 2007, and an Amended Complaint on March 31, 2008, alleging Defendants violated "various and numerous civil rights" by placing him in a "dry cell" for approximately four days from December 28, 2006 through December 31, 2006. Plaintiff asserts the low temperatures and inadequate clothing and bedding of the dry cell caused him to become "seriously ill" for the two weeks following his dry cell confinement in violation of his constitutional rights. Construing Plaintiff's Amended Complaint liberally, this Court infers Plaintiff's cause of action relies on the Eighth Amendment protection against cruel and unusual punishment.[3] Plaintiff claims 1) Defendant Bier, SIS Correctional Supervisor, demonstrated deliberate indifference to the conditions of the dry cell causing Plaintiff to become ill; 2) Defendant Osagie, Physician Assistant, failed to alleviate Plaintiff's illness by not providing specific medication or treatment; 3) Defendant Dalgleish, EMT, demonstrated deliberate indifference to the increased risk to Plaintiff's health posed by the conditions of the dry cell; 4) Defendant Barry, Correctional Supervisor, and Defendants Ham and John Doe 1, Correctional Officers watching the dry cell, demonstrated deliberate indifference to Plaintiff's complaints requesting adequate warmth

---

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]A court must construe a pro se document liberally, and such document must be held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Tenth Circuit interpreted this rule to mean "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

and clothing by not providing such items; 5) Defendant John Doe 2, Medical Officer, also showed deliberate indifference to the alleged risk posed to Plaintiff's health by the low temperature of the dry cell.

Plaintiff admits his confinement in the dry cell resulted from an X-ray of Plaintiff's abdomen, "which appeared to show a small metallic item of suspected contraband." (Am. Compl. 2.) Plaintiff alleges the purpose of the confinement was to "cause extreme discomfort/pain and suffering and thereby promote the rapid, expeditious recovery of suspected contraband by way of defecation." *Id*. Plaintiff describes the conditions of the dry cell as low temperatures "averaging 40°-45°F," inadequate clothing consisting of a T-shirt and "boxer style under shorts," and thin bedding for the mattress mounted on concrete. *Id*. Plaintiff contends these conditions caused him to become seriously ill shortly after being released from the dry cell. Plaintiff also admits he did not complain about any subsequent medical treatment of this illness, because he received treatment on January 12 and 13, 2007, from Physician Assistant Schiefflbien, which Plaintiff characterized as "competent and effective." (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. 1.)

Defendants answered Plaintiff's Amended Complaint on May 30, 2008, asserting Plaintiff failed to state a claim upon which relief can be granted; Plaintiff failed to properly exhaust administrative remedies and other provisions as required by the Prison Litigation Reform Act (PLRA); each Defendant is entitled to qualified immunity; Plaintiff's claims are barred in whole or part by the applicable statute of limitations; and Defendants did not violate Plaintiff's constitutional rights. Defendants filed the Motion for Summary Judgment Based on Exhaustion currently before the Court, asserting Plaintiff did not exhaust the administrative remedies as required by the PLRA and federal regulations and is therefore precluded from proceeding in the matter at hand.[4]

---

[4] *See* 42 U.S.C. § 1997e(a); 28 C.F.R. §§ 542.10-19 (2007).

**II. Discussion**

*A.    Standard for Summary Judgment*

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington N. and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324) (emphasis added). The Court must view the record and draw "all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

*B.    Legal Requirement to Exhaust Administrative Remedies*

The administrative remedies provision of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

> jail, prison, or other correctional facility until such administrative remedies
> as are available are exhausted. § 42 U.S.C. 1997e(a).

The Supreme Court has determined "exhaustion is mandatory under the PLRA" and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). The exhaustion of administrative remedies need not be pleaded in the complaint but must be raised as an affirmative defense. *Jones*, 127 S. Ct. at 921. The rules governing the process for fulfilling the administrative remedy obligation are not articulated by the PLRA but are defined by the respective prison grievance process. *Id*. at 922. In order to "properly exhaust" in satisfaction of the PLRA requirement, the plaintiff prisoner must comply with prison grievance procedures. *Id*. at 922-23. Therefore, according to *Jones*, claims that have not been through the prison grievance process may not be brought in court.

For federal prisons as in this case, the Code of Federal Regulations establishes the Bureau of Prison's Administrative Remedy Program as the requisite prison grievance process. 28 C.F.R. §§ 542.10-19 (2008). This program requires four steps. First, the inmate must attempt informal resolution of the concerning issue by presenting it to staff, before submitting a Request for Administrative Remedy. Wardens are responsible for establishing informal resolution procedures. 28 C.F.R. § 542.13 (2008). Second, the inmate may make an initial filing of a formal written Administrative Remedy Request on a specified form, Form BP-9, within 20 calendar days after the date giving rise for the issue of concern. § 542.14. The inmate can get Form BP-9 from institution staff. Extensions of time for filing are available if the inmate shows "a valid reason for delay" as described in this section of the regulation. *Id*. This second step includes four exceptions, namely sensitive issues, DHO appeals, control unit appeals, and controlled housing status appeals. *Id*. Third, an inmate who is not satisfied with the response to her or his initial filing may submit an appeal to the Regional Director on Form BP-10 within 20 calendar days of the date indicated on the

response to the initial filing. § 542.14. Fourth, if the inmate is not satisfied with the Regional Director's response, he or she may submit an appeal on Form BP-11 to the General Counsel within 30 calendar days of the Regional Director's response. *Id.* Section 542.18 provides that "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received."

**III.    Analysis**

In this case, Defendants support their Motion for Summary Judgment with a declaration of Deborah A. Locke, Senior Attorney Advisor at the Federal Correctional Complex in Florence, Colorado, and a copy of the SENTRY Administrative Remedy Generalized Retrieval record of Plaintiff's filed administrative remedy requests. (Defs.' Mot. for Summ. J. Ex. A-1.) Ms. Locke describes the Bureau of Prison's grievance procedure and the records database SENTRY, which maintains information related to inmates' administrative complaints including a listing of complaints and appeals filed by any specific inmate. The attached record lists a total of 14 administrative remedies or appeals filed since 1993 by Plaintiff. The record indicates Plaintiff has filed only one remedy request since December 2006 (when he alleges the injury in this case took place) – a March 15, 2007 request complaining about large manilla envelopes being removed from the commissary. This complaint makes no mention of the conditions of the dry cell or his subsequent illness. As demonstrated by the SENTRY record and as required by the PLRA and C.F.R., Plaintiff's failure to file a timely administrative remedy provides the evidentiary basis by which Defendants now move for summary judgment.

In response to Defendants' Motion, Plaintiff filed his "Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment" on July 24, 2008, with fifteen identified exhibits.[5]

---

[5] The Court notes Plaintiff's Exhibits 15-17 have been combined into one Exhibit 15, as they are an envelope and corresponding two-page letter.

The Court accepts Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment and included exhibits filed July 24, 2008, as Plaintiff's response.[6] In his response, Plaintiff states he did attempt to comply with the PLRA requirements "to the extent that it was humanly possible to do so." (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. 2.) Plaintiff alleges he requested an "informal resolution form (AKA 'BP-8')" from Correctional Counselor Knox, and Knox denied his request on the basis of untimeliness.[7] *Id*. Plaintiff indicated he has an affidavit of another inmate who attests to his conversation with Knox, however this affidavit is not included in his response. Additionally, Plaintiff does not state the date on which he requested the administrative remedy form.

Plaintiff does include a Federal Tort Claims Act complaint form regarding his illness after being confined to the dry cell, dated January 29, 2007. (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. Ex. 1.) However, according to 28 C.F.R. § 542.10(c), the Bureau of Prisons will refer an inmate to the statutorily-mandated procedures in place for tort claims if "an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program."

Defendants contend Plaintiff failed to initiate the Administrative Remedy Program by not following the required administrative remedy request procedure. Plaintiff contends he attempted to acquire the Administrative Remedy Program's required form from Correctional Counselor Knox and was refused. Plaintiff alleges Counselor Knox intentionally "lost" the missing affidavit supporting Plaintiff's contention he properly requested the required administrative remedy form

---

[6]*See infra* Note 3.

[7]Defendants contest Plaintiff's naming of Correctional Counselor Knox in his response and not in his Complaint, however the *Jones* holding recognizes Plaintiff is under no obligation to affirmatively plead satisfaction of the administrative remedy process. *See Jones*, 127 S. Ct. at 921. Furthermore, "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923.

7

when Counselor Knox photocopied this and other legal documents for Plaintiff. (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. 3.) Plaintiff provides an affidavit from another prisoner, Mr. Nantambu, in support of Plaintiff's allegation Counselor Knox intentionally "lost" the described affidavit. Mr. Nantambu states he received a copy of Plaintiff's medical record in his own stack of legal materials also copied by Counselor Knox. (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. Ex. 6.) Plaintiff states it was the discovery of the lost medical record in Mr. Nantambu's files that "prompted Plaintiff's submission of an administrative tort claim" complaining about the loss of the affidavit confirming Plaintiff's conversation with Counselor Knox for an informal resolution form. (Pl.'s Decl. in Opp'n to Defs.' Mot. for Summ. J. 3; Ex. 12, 13.) Defendants counter that in light of Plaintiff's admission that Knox failed to provide the grievance form (a fact Defendants do not admit) because any such grievance would be untimely, and because Plaintiff fails to allege when this contact between him and Knox occurred, and because an untimely grievance would not have constituted exhaustion in any event, Plaintiff has failed to raise a material issue of fact.

The Tenth Circuit recognized "administrative remedies are not 'available' when prison officials refuse to provide prisoners with grievance forms." *Baldauf v. Garoutte*, 137 F. App'x 137, 141 (10th Cir. 2005) (citations omitted); *see also Johnson v. Wackenhut Corrections Corp.*, 130 F. App'x 947, 950 (10th Cir. 2005) (stating "[c]ourts have held that refusing a prisoner grievance forms could raise an inference that the prisoner has exhausted 'available' administrative remedies" (citing *Miller v. Norris*, 247 F.3d 736, 738, 740 (8th Cir. 2001))). If the facts of this case ultimately show Plaintiff failed to exhaust administrative remedies as required, the case will be dismissed. In particular, it appears that by March 2007, the prison was providing Plaintiff with the proper forms, since Plaintiff filed a grievance at that time concerning an unrelated incident. Plaintiff could have belatedly attempted at that time to exhaust his current complaint. Furthermore, if Plaintiff did not

8

request the administrative exhaustion form until after the deadline for filing had passed, his case is subject to dismissal on that basis. However, at this stage of the proceedings, the factual issue of when he asked for the form, whether it was denied, and whether Plaintiff had alternative means to exhaust (such as a handwritten request or an alternative source of forms within the prison) precludes summary judgment. Under Tenth Circuit precedent, these unestablished facts materially impact Defendants' assertion of Plaintiff's failure to exhaust administrative remedies; therefore, a finding of summary judgment in favor of Defendants is improper at this time.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment Based on Exhaustion [filed July 7, 2008; docket #47] be **DENIED**.[8]

Dated at Denver, Colorado, this 15th day of September, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[8]*See infra* Note 1.