IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02593-WDM-MEH

PETER P. MAUCHLIN,

    Plaintiff,
v.

BIER, SIS Correctional Supervisor,
A. OSAGIE, Physician Assistant,
DALGLEISH, EMT,
BARRY, Correctional Supervisor,
HAM, Correctional Officer,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Medical Officer,

    Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S MOTION TO
## FILE A SUPPLEMENTAL COMPLAINT

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to File a Supplemental Complaint [filed November 26, 2008; docket #79]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for recommendation. The Motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court recommends that Plaintiff's Motion to File a Supplemental Complaint be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

**I.      Background**

Plaintiff filed this *Bivens*[2] action on December 13, 2007, and an Amended Complaint on March 31, 2008, alleging Defendants violated "various and numerous civil rights" by placing him in a "dry cell" for approximately four days from December 28, 2006 through December 31, 2006. Plaintiff asserts the low temperatures and inadequate clothing and bedding of the dry cell caused him to become "seriously ill" for the two weeks following his dry cell confinement in violation of the Eighth Amendment protection against cruel and unusual punishment.[3]

Defendants answered Plaintiff's Amended Complaint on May 30, 2008, asserting Plaintiff failed to state a claim upon which relief can be granted; Plaintiff failed to properly exhaust administrative remedies and other provisions as required by the Prison Litigation Reform Act (PLRA); each Defendant is entitled to qualified immunity; Plaintiff's claims are barred in whole or part by the applicable statute of limitations; and Defendants did not violate Plaintiff's constitutional

---

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]*See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]A court must construe a pro se document liberally, and such document must be held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Tenth Circuit interpreted this rule to mean "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

rights. (Docket #40.) Defendants filed a Motion for Summary Judgment Based on Exhaustion on July 7, 2008, asserting Plaintiff did not exhaust the administrative remedies as required by the PLRA and federal regulations.[4] (Docket #47.) The District Court denied Defendants' Motion for Summary Judgment Based on Exhaustion in a November 4, 2008 order adopting the Magistrate Judge's recommendation issued September 15, 2008. (Docket #61.) The Court concluded factual issues concerning whether Plaintiff exhausted the requisite administrative remedies barred a finding of summary judgment in favor of Defendants at that time. (*Id*. at 9.)

The factual issues identified by the Court as precluding summary judgment based on exhaustion give rise to Plaintiff's Motion presently before the Court. Plaintiff seeks to supplement his Amended Complaint with a claim pursuant to the Federal Tort Claims Act for the alleged loss of certain legal documents belonging to Plaintiff, which Plaintiff contends are "essential to plaintiff [sic] pleadings in this lawsuit." (Docket #79 at 1.) Plaintiff asserts an individual referred to as Counselor Knox "lost/misplaced" legal documents, including documents demonstrating Plaintiff's compliance with the administrative exhaustion process, when Plaintiff gave the documents to Counselor Knox to be photocopied. (*See* Docket #79-2 at 1-2.) Plaintiff requests the Court to allow him to include the tort claim regarding his alleged personal property loss and to include Counselor Knox as a defendant in this matter.

**II.  Discussion**

Plaintiff submits his Motion to File a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(a), however 15(a) governs "Amendments" whereas 15(d) governs "Supplemental Pleadings." In any event, the Court applies the same standard in a 15(d) analysis as when evaluating

---

[4]*See* 42 U.S.C. § 1997e(a); 28 C.F.R. §§ 542.10-19 (2007).

amendment under 15(a).  *Sw. Nurseries, LLC, v. Florists Mut. Ins., Inc*., 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (citation omitted).  Rule 15 provides, once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave is committed to the discretion of the district court.  *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman,* 371 U.S. at 182.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Defendants argue Plaintiff's proposed supplemental complaint is "immaterial and futile," because "the new allegations pertaining to the lost documents do not relate in any way to Plaintiff's claim that his confinement in a "dry cell" and subsequent medical treatment violated the Eighth Amendment."  (Docket #85 at 3.)  Defendants also state adding Counselor Knox as a party is improper because the United States is the proper defendant in a Federal Tort Claims Act case.  *See* 28 U.S.C. § 2679.

In Plaintiff's Reply, Plaintiff contends his case does not challenge "the constitutionality of confinement in dry cells" nor "'subsequent medical treatment' provided by the defendants." (Docket #87 at 1-2.)  Plaintiff also suggests Counselor Knox "actually accessed [Plaintiff's

4

medical records] during Plaintiff's confinement in a hazardous health threatening environment . . . confirming the validity of . . . defendants' deliberate indifference to the increased risk of serious illness." (*Id*. at 2.) Plaintiff attempts to prove such assertion with the inclusion of an exhibit to his Reply. (*Id*. at 4.)

The exhibit attached to Plaintiff's Reply is labeled "Chronological Record of Medical Care," and from what the Court can discern, is dated October 12, 2006, and December 29, 2006. (*Id*. at 4.) Both entries describe a prescription of aspirin for Plaintiff, for purposes of circulation. The Court finds no connection between such document and the propositions Plaintiff makes in his Motion, namely, that Counselor Knox should be named as a defendant in this matter for allegedly losing Plaintiff's legal documents, none of which are identified or listed with any specificity.

The Court determines Plaintiff's proposed amendment is indeed futile, because Plaintiff fails to describe any harm or injury he has endured as a result of the alleged loss of documents. In fact, the Court allowed Plaintiff's case to survive a Motion for Summary Judgment Based on Exhaustion, which provides direct evidence the loss has not caused Plaintiff any injury in prosecuting his case against Defendants, contrary to Plaintiff's assertions in his Reply. (*See* docket #87.) Additionally, based on Plaintiff's Reply, it appears that Plaintiff knew or should have known about his potential claim regarding the lost documents when he filed this lawsuit, which implicates undue delay. In the Tenth Circuit, "untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1366 (10th Cir. 1993). Furthermore, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1206 (10th Cir. 2006). The Court declines to permit Plaintiff to tack on a claim tainted by futility and undue delay, and bearing little factual relation to his primary claim of deliberate indifference.

### III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to File a Supplemental Complaint [filed November 26, 2008; docket #79] be **DENIED**.[5]

Dated at Denver, Colorado, this 6th day of January, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[5]*See infra* Note 1.