IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02593-CMA-MEH

PETER P. MAUCHLIN,

    Plaintiff,

v.

BIER, Correctional Supervisor,
A. OSAGE, Physicians Assistant,
DALGLEISH, EMT,
BARRY, Correctional Supervisor,
HAM, Correctional Officer,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Medical Officer,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Plaintiff's Motion for Order [filed April 24, 2009; docket #135]. Plaintiff requests 1) the Court to issue a subpoena duces tecum to "the local office of the Office of the Inspector General" for "whatever documents they may have received and/or generated" related to Plaintiff's requests for investigation; 2) appointment of counsel; and 3) the Court to order "the prison officials to photograph or videotape the Plaintiff's inspection" of the "dry cell" giving rise to the facts of Plaintiffs' claims. (Docket #135 at 1-2.) Pursuant to this Court's order, Defendants responded on May 4, 2009. Plaintiff has not replied within the time set by the Court. (Docket #138.) For the reasons stated below, the Court **DENIES IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Plaintiff's Motion.

    In response to Plaintiff's Motion, Defendants contend Plaintiff fails to satisfy procedural

requirements, including the duty to confer pursuant to D.C. Colo. LCivR 7.1A and the obligation to file separate requests as separate motions pursuant to D.C. Colo. LCivR 7.1C.  Substantively, Defendants assert Plaintiff's request for subpoena of the Office of the Inspector General would not lead to admissible evidence, the Court lacks authority to appoint an attorney for Plaintiff, and Plaintiff's request for photographs negatively implicates the safety and security of the Florence ADX prison facility.

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  In the interests of judicial efficiency, the Court proceeds to adjudicate each of Plaintiff's three requests, although improperly submitted in one motion.  Plaintiff stands warned that all further requests shall comply with the United States District Court for the District of Colorado's Local Rules of Practice to the extent possible.

Regarding Plaintiff's first request, the Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45.  However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal.  Notably, "[s]ervice by certified mail by the United States Marshals Service provides a fair and economical means of serving process." *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo.

1997). In order to ensure this expenditure of resources on behalf of Plaintiff is conducted properly, the Court denies Plaintiff's first request without prejudice, and orders as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008). In accordance with this jurisdiction's determinations, Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).

Regarding Plaintiff's second request for the appointment of counsel, the Court directs Plaintiff to its Order issued March 5, 2008, denying Plaintiff's Motion for Appointment of Counsel. (Docket #24.) Thus, the Court denies Plaintiff's Motion to the extent it again asks the Court to appoint counsel.

Regarding Plaintiff's request for the Court to order "the prison officials to photograph or videotape the Plaintiff's inspection" of the "dry cell" giving rise to the facts of Plaintiffs' claims, the Court agrees with Defendants that such request should be in the form of a Motion to Compel. Defendants represent to the Court that Plaintiff previously submitted the relief sought in the form of a Document Request served on Defendants on April 1, 2009. (Docket #140 at 4.) Defendants

state that in their response to Plaintiff's Document Request, Defendants asserted such request is proper pursuant to Fed. R. Civ. P. 34 which governs requests for entry on land, and "the burdens and dangers created by the inspection" outweigh any potential benefit to Plaintiff.  (*Id*. (citation omitted).)  Defendants contend the proper method to challenge their response is by a Motion to Compel compliant with the requirements of Fed. R. Civ. P. 37(a).  The Court agrees and denies Plaintiff's third request without prejudice with leave to re-file pursuant to Fed. R. Civ. P. 37(a).

Accordingly, Plaintiff's Motion for Order [filed April 24, 2009; docket #135] is **denied in part** and **denied without prejudice in part** as stated herein.

Dated at Denver, Colorado, this 12th day of May, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge