IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02593-CMA-MEH

PETER P. MAUCHLIN,

    Plaintiff,

v.

BIER, Correctional Supervisor,
A. OSAGE, Physicians Assistant,
DALGLEISH, EMT,
BARRY, Correctional Supervisor,
HAM, Correctional Officer,
JOHN DOE 1, Correctional Officer,
JOHN DOE 2, Medical Officer,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for an Order Compelling Discovery Unnder [sic] Rule 37, Fed.R.Civ.P. [filed June 15, 2009; docket #159]. The motion is briefed and referred to this Court for disposition. (Docket #160.) Oral argument would not assist the Court in its adjudication. For the reasons stated herein, the Court **DENIES** Plaintiff's motion.

**I.     Background**

In his motion, Plaintiff contends that Defendants refuse to respond to any of his discovery requests, demonstrating a "blatant disregard" for the Federal Rules of Civil Procedure as well as this Court's orders. (Docket #159 at 3.) Plaintiff asserts that Defendants' objections to his discovery requests, premised on not having "personal possession" of the documents Plaintiff seeks, constitute baseless claims. (*Id*. at 4.) Plaintiff argues the question is not one of possession, but of access.

Plaintiff believes that Defendants enjoy access to the Bureau of Prisons' documents and must therefore release them to Plaintiff in response to his discovery requests. (*Id.*)

In response, Defendants aptly point out that Plaintiff failed to describe with particularity the discovery he seeks as required by D.C. Colo. LCivR 37.1. (Docket #167 at 2.) However, Defendants glean from Plaintiff's motion that he challenges Defendant Osagie's response to Interrogatory No. 1 and all of the responses to Plaintiff's document requests. (*Id.* at 4.) Defendants contend Defendant Osagie's response provides truthful and adequate information in light of a vaguely constructed inquiry, and Defendants' objections to Plaintiff's requests for documents rightly assert privilege and lack of personal possession regarding most of Plaintiff's requests. (*See id.* at 12.) For the following reasons, the Court agrees with Defendants.

## II.    Discussion

To address a preliminary matter before evaluating Plaintiff's discovery requests, Plaintiff expresses a misunderstanding that this Court's order issued March 27, 2009, instructed Defendants to respond to all of Plaintiff's discovery requests, meaning Defendants must produce all information requested to Plaintiff. (Docket #159 at 2-3.) To clarify, the Court's order instructed Defendants to respond to Plaintiff's requests, and objecting to Plaintiff's requests indeed constitutes a proper response pursuant to Fed. R. Civ. P. 34(b)(2). The Court now proceeds to evaluate Plaintiff's dispute with Defendants' responses.[1]

Regarding Defendant Osagie's response to Plaintiff's Interrogatory No. 1, the Court agrees that the wording of Plaintiff's request is vague as to "co-workers in the ADX/FLM hospital." (Docket #167 at 12.) Defendant Osagie responded that he was the only ADX Health Services staff

---

[1] By reference, the Court incorporates Plaintiff's discovery requests and Defendants' responses as stated in pages 4-11 of Defendants' Response to Plaintiff's Motion for an Order Compelling Discovery (Doc. 159) [filed June 23, 2009; docket #167].

on duty during the evening watch hours on the dates to which Plaintiff referred. (*Id*. at 5.) The Court finds Defendants construction of "co-workers in the ADX/FLM hospital" to mean ADX Health Services staff reasonable, and therefore concludes the response proffered by Defendant Osagie to Plaintiff's Interrogatory No. 1 was adequate.

Regarding Defendants' assertions of privilege and lack of personal possession in response to Plaintiff's requests for production of documents, the Court agrees that in a *Bivens* action such as this, individual Defendants may not be compelled to produce documents in the exclusive control of the Bureau of Prisons. (*See* docket #167 at 13.) In Plaintiff's Amended Complaint, which is the operative pleading in this matter, Plaintiff clearly states he brings his claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing suit for money damages against federal officers in their individual capacities who committed constitutional violations under color of federal law). (Docket #31 at 1.) A *Bivens* action is proper only when suing an individual in her or his individual, not official, capacity. Plaintiff named only individuals as defendants in this matter and did not name the Bureau of Prisons or the United States. Plaintiff contests Defendants' responses to his requests in that he believes their access to the documents sought precludes the question of whether such documents are within the personal possession of Defendants. Plaintiff believes that because, in his perception, Defendants may access Bureau of Prisons documents, the documents requested are in Defendants' possession. However, well-established law indicates otherwise.

All but one of Plaintiff's requests for production of documents implicate documents in the exclusive control of the Bureau of Prisons. The one, which seeks "[a]ny and all documents, certificates, diplomas or degrees (educational background) held or awarded to the defendants (to include the John Doe defendants), prior to 12-28-2006," has been responded to and supplemented

3

by Defendants. (Docket #167 at 13 n.5.) Plaintiff's remaining twenty-three requests identify documents such as operational manuals relating to the cooling/air conditioning unit in the x-ray room at the medical facility in the ADX institution (Requests No. 2-4), insurance policies relating to "litigation protection" (Request No. 7), complaints made by staff or inmates (Requests No. 6, 8, 13, 14, 18, 21, 23, 24), and policies regarding "biohazardous waste" (Request No. 12), to name a few. To each of these requests, Defendants noted that "the individual defendants are not in personal possession of any documents responsive to this Request," and indicated that "a subpoena directed to the Bureau of Prisons may be the appropriate method to obtain documents responsive to this request." Defendants also included a subpoena form with their responses. (*See id.* at 5-11.) To the Court's knowledge, Plaintiff has not availed himself to the process of subpoenaing the Bureau of Prisons for the sought documents.

The Court finds Defendants' responses adequate and reasonable, particularly in light of the Supreme Court's holding in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In *Ragen*, the Supreme Court found valid an order by the United States Attorney General which designated all official files, documents, records, and information in the offices of the Department of Justice as confidential, and thus, the government could properly refuse to produce such documents in a prisoner's habeas corpus proceedings. *Id.* at 468-69. Similarly, as the Bureau of Prisons is an agency of the Department of Justice, Defendants cite a federal regulation precluding Bureau of Prisons' employees from disclosing Bureau of Prisons' documentation without prior approval in federal or state proceedings in which the United States is not a party. 28 C.F.R. § 16.22 (West 2009). Neither the United States nor the Bureau of Prisons itself is a party to this action, therefore the Court declines to compel production of documents created by and in control of the Bureau of Prisons in response to Plaintiff's requests.

### III. Conclusion

Accordingly, Plaintiff's Motion for an Order Compelling Discovery Unnder [sic] Rule 37, Fed.R.Civ.P. [filed June 15, 2009; docket #159] is **DENIED**.

Dated at Denver, Colorado, this 8th day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge